UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.O (A#221-059-576,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY,<br><br>Respondent. | 1:26-cv-04758-DC-SCR<br><br><u>ORDER</u> |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Currently pending before the Court are two motions filed by Petitioner. For the reasons described in detail below, the motions are granted.

First, Petitioner requests to proceed under a pseudonym. ECF Nos. 10, 15. The Court grants Petitioner's motion and will direct the Clerk of Court to update the docket to identify Petitioner as "S.O." <u>See</u> <u>Doe v. Andrews</u>, No. 1:25-CV-00333-JLT-HBK (HC), 2025 WL 1531684 (E.D. Cal. May 28, 2025) (noting that "Courts regularly grant leave to proceed under a pseudonym in cases related to asylum proceedings," collecting cases, and granting immigration detainee's pseudonym request) (citing 8 C.F.R. § 208.6).

Petitioner also filed a motion requesting emergency access to his legal documents that are necessary to pursue his litigation in this Court as well as in immigration court. ECF No. 17.

Specifically, Petitioner seeks an order compelling Respondent "to grant him access to my cloud storage for the limited purpose of retrieving and printing document[s] necessary as evidence for the court[.]" Id. at 2. Since Petitioner is detained, "he cannot complete the [two-factor] authentication process through his usual trusted device, and no family member or friend ahs the ability to access the account on his behalf." Id. Without access to these documents, Petitioner indicates that he will be "substantially prejudiced in his ability to present his claims and supporting evidence and this is affecting his current litigation[.]" Id.

The Court liberally construes Petitioner's request as a motion for limited purpose discovery pursuant to Rule 6 of the Rules Governing Habeas Corpus Cases Under Section 2254.[1] As a discovery motion, Petitioner's request falls within Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure since it is seeking production of electronically stored information. So construed, the Court grants the motion in order to protect Petitioner's First Amendment right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350 (1996) (tracking the history of the well-established right of access to the courts).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed under a pseudonym (ECF No. 15) is granted. The Clerk of Court is directed to update the docket to identify Petitioner by his initials "S.O.".

2. Petitioner's motion to access his legal documents on his personal cloud (ECF No. 17) is granted.

3. Within fourteen (14) days from the date of this order, Respondent shall:

  a. locate Petitioner's cell phone that serves as his trusted personal device for two factor authentication purposes that is within the custody and control of Respondent; and,

  b. produce Petitioner's cell phone to him for the limited purpose of logging into his personal cloud storage by utilizing a personal computer at the detention facility while being monitored by custody staff.

---

[1] This Rule is applicable to the pending § 2241 petition based on Rule 1(b) which permits the habeas corpus rules to be applied to other types of petitions.

5. This order further requires Respondent to permit Petitioner to print any documents and exhibits that are reasonably necessary to litigate his pending habeas and immigration matters.

DATED: August 6, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE